UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| MABELENE SCALF, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-05-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Mabelene Scalf ("Scalf") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9, 10] Through this action, Scalf seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability, Disability Insurance Benefits and Supplemental Security Income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Scalf.

**I.   BACKGROUND**

Scalf filed an application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on July 30, 2002.[1] This claim was denied initially and upon

---

[1] The Claimant previously filed an application for Disability Insurance Benefits and Supplemental Security Income payments on June 19, 2001. Those claims were denied initially and upon reconsideration.

reconsideration. Thereafter, Scalf requested a hearing before an ALJ. On September 16, 2003, an administrative hearing was conducted before ALJ Don C. Paris. During this hearing, the ALJ heard testimony from Scalf. Subsequently, the ALJ issued a decision denying benefits. [See Transcript ("Tr."), pp. 20-28] The ALJ concluded that Scalf retained the residual functional capacity to perform the full range of medium work. [Tr., p. 27] Scalf's request for review was denied by the Appeals Council on July 25, 2005. [Tr., pp. 9-11].

At the time of the administrative hearing, Scalf was 46 years old, with a high school education and special training in business. [Tr., p. 26, 528] She has past relevant work experience as a teacher's aide. [Tr., p. 529] Scalf alleges a disability beginning on November 1, 2000, due to leg weakness, knee swelling, fibromyalgia and nerves. [Tr., p. 84] After a careful review and evaluation of the medical evidence of record and testimony at the hearing, the ALJ found that Scalf had the residual functional capacity to perform a full range of medium work and, therefore, was not disabled within the meaning of the Social Security Act and regulations. [Tr., pp. 26-27]

## II.     LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. §

---

Although the Claimant initially requested a hearing, she later withdrew the request and her claim was dismissed on June 27, 2002.

416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d

680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.   DISCUSSION

Scalf's sole argument is that the ALJ erred by acting as his own medical expert. In support of this assertion, the Plaintiff notes that treatment records from the Mountain Comprehensive Care Center ("MCCC"), dated August 22, 2003, were not available for review by Dr. Stephen Scher, the state psychologist, when he provided his opinion on March 27, 2003. Therefore, she impliedly argues that no physician reviewed the MCCC exhibits and that, as a result, the ALJ "act[ed] as his own medical expert." Scalf relies upon the holding in *Green v. Apfel*, 204 F.3d 780 (7th Cir. 2000), in support of her argument.

In *Green, id.*, the Seventh Circuit dealt with a case in which the ALJ had discounted significant evidence in the record which indicated that the claimant had a severe medical impairment. *Green* did not hold that all medical records must be reviewed by a medical expert. Instead, it simply held that: (1) the Commissioner should have a claimant reviewed by a medical expert if evidence in the record suggests that the claimant may be disabled and (2) an ALJ's

independent review of the medical evidence must bridge the evidence he is reviewing to his conclusions. *Id*. at 781. *Green*, however, is entirely inapposite from this case. Here, there is significant evidence in the record which demonstrates that Scalf *did not* have a severe impairment and that Scalf was reviewed by multiple medical experts.

The ALJ provided a thorough recitation of the evidence and provided a compelling basis for his conclusion that Scalf was not disabled. [Tr., pp. 20-28] Specifically, the ALJ properly considered the evidence of record to determine that Scalf did not suffer from a severe mental impairment. The ALJ noted, *inter alia*, that:

> [The claimant] recently commenced treatment at the Mountain Comprehensive Care Center (MCCC) in August 2003, where she was diagnosed with depression and anxiety not otherwise specified. She was prescribed medication and she testified that it helps somewhat and allows her to sleep better. She was not otherwise specific as to how she is limited by depression or anxiety, and she has had no prior treatment for mental health problems. She previously underwent consultative examination by Dr. William Rigby on August 8, 2001 and he diagnosed only mild depression or "dysthymia" at that time and considered her to have generally "good" functional ability. The claimant was examined more recently on February 22, 2003 by Dr. Wayne Edwards, who similarly diagnosed dysthymia and concluded that she retained mental residual functional capacity to work on a regular basis without psychiatric symptoms. Consistent with the recent assessment by MCCC, he considered her to have a GAF rating of 65. Taken together, the consultative medical opinions support that the claimant is minimally restricted by depression and this is consistent with her limited treatment.

[Tr., p. 22] (citations omitted).

The ALJ further evaluated the Claimant under the relevant "B" criteria, which consists of: (1) activities of daily living; (2) social functioning; (3) concentration, persistence and pace; and (4) episodes of decompensation. [Tr., pp. 22-23] The ALJ noted that with regard to the "activities of daily living," Scalf reported that she was able to take care of her personal needs.

She also stated that she was capable of caring for her handicapped son, who has to be cathetered four times a day, clothed, and prepared for school each day. With respect to the "social functioning" criteria, the ALJ pointed out that Dr. Edwards found Scalf's social interactions to be appropriate in all settings and concluded that she was able to conduct herself appropriately. With regard to the "concentration, persistence and pace" criteria, the ALJ observed that none of the examiners noted any difficulty in this area. The ALJ also found that Scalf had experienced no repeated episodes of decompensation inasmuch as she had never been hospitalized. Further, the ALJ stated that there was no evidence that she had experienced "such degree of difficulty at any relevant time." [Tr., p. 23]

As the Sixth Circuit has noted, "[s]tate agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Hoskins v. Comm'r of Soc. Sec.*, 106 Fed. Appx. 412, 415 (6th Cir. 2004). The ALJ relied upon these opinions in concluding that Scalf did not have a severe impairment. Thus, the Court finds that the ALJ clearly did not "act as his own medical expert." Rather, his conclusions were based upon the opinions of actual medical experts.

In addition, the Court notes that "the final responsibility for deciding" a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 416.927(e)(2). It is entirely appropriate for an ALJ to review the evidence in the record to determine if it comports with the claimant's alleged disabilities, as was done in this case. Reversal or remand is required *only* if the ALJ's decision is not supported by *substantial* evidence. In this case, the ALJ's decision was supported by substantial evidence.

Finally, it should be noted that Scalf points to no evidence in the record which would support her claim that she has a severe mental impairment. She has the burden to persuade the Commissioner that she has a severe impairment. *Casey*, 987 F.2d at 1233. She has failed to satisfy this burden.

### IV. CONCLUSION

The ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 7th day of June, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge